UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

IN RE MDL 1720 DAMAGES CLASS SETTLEMENT DISPUTES

REPORT AND RECOMMENDATION OF SPECIAL MASTER

---------------------------------------------------------- x

1:24-MC-03415-BMC-JAM

IN RE MDL 1720 DAMAGES CLASS SETTLEMENT DISPUTE CONFLICT ID NUMBERS:

1:26-MC-03644-BMC-JAM

232609 (ITALIAN RESTAURANT 1 LLC) and 233367 (ITALIAN RESTAURANT 2 LLC).

---------------------------------------------------------- x

**Parties and Representatives**:

Desert Island Restaurants, LLC ("Desert Island")
Robert Ward, VP Finance
3219 East Camelback Road, #506
Phoenix, AZ 85018
(602) 509-9043
bward@direstaurants.com
Representative of Desert Island

TR Capital Management LLC ("TRC")
Ephraim Perlstein
100 Merrick Rd., Suite 308 E
Rockville Centre, NY 11570
(516) 255-1801
ephraim@trcmllc.com
Representative of TRC

Rule 23(b)(3) Class Plaintiffs (the "Class")
Alexandra S. Bernay
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058
xanb@rgrdlaw.com
Class Counsel

I. Background

Desert Island and TRC have both registered with the Class Administrator to claim a share of the proceeds of the settlement fund in *In re Payment Card Interchange Fee Merchant Discount Antitrust Litigation*, Dkt. no. 05-MD-1720 (E.D.N.Y.) ("*MDL 1720*") arising out of the payment card transactions of the following two merchants, each identified by the name registered with the Class Administrator and the last four digits of its Taxpayer Identification Number ("TIN"): Italian Restaurant 1 LLC, TIN ending in 6815; and Italian Restaurant 2 LLC, TIN ending in 5128; (collectively, the "Restaurants").[1]

TRC and Desert Island disagree about who owns the right to the Restaurants' *MDL 1720* damages claims. Desert Island contends that as the Restaurants' owner during the claim period, its rights to the claims survived following its sale of the businesses in 2019. TRC asserts that it purchased the Restaurants' claims in 2022. The record before me includes the following documents:

- Asset Purchase Agreement dated December 11, 2019, between the Restaurants as Sellers; Hawaiian Macaroni, LLC; and Mac Acquisition LLC ("Mac Acquisition") as buyer ("2019 APA");
- Assignment and Bill of Sale dated December 11, 2019 between the Restaurants and Mac Acquisition ("2019 Assignment");

[1] Before submitting a claim to receive the settlement proceeds corresponding to the payment card transactions of a merchant member of the Rule 23(b)(3) Settlement Class (the "Class"), a party must first register that merchant's TIN with the Class Administrator. The registrant must provide proof that it is the owner (or authorized representative of the owner) of the claim corresponding to that merchant TIN. In the absence of supporting documentation, this requirement can also be satisfied by providing the Claimant ID and Control Number printed on the original prepopulated claim forms that were mailed to known class members. Once the registrant establishes such authority, the Class Administrator updates the registrant's status to "approved." If there is only one approved registrant for a given TIN, the registrant may submit a claim for that TIN. In cases where multiple parties have registered the same TIN, the Class Administrator designates the TIN as being in "conflict" and does not permit any registrant to submit a claim until the conflict is resolved.

- Promissory note dated December 11, 2019, between Desert Island and Mac Acquisition as borrower and Desert Island as lender;
- Assignment agreement dated October 5, 2022, between Italian Restaurant Group LLC ("IRG") as seller and Jefferies Leveraged Credit Products LLC ("Jefferies") as buyer ("October 2022 Assignment");
- Assignment Agreement dated December 8, 2022, between Jefferies as seller and TRC Master Fund LLC as buyer ("December 2022 Assignment");
- Emails dated February 20, 2025 from Desert Island Management to Class Administrator; and
- Undated letter from Desert Island Management received by Class Administrator on August 7, 2025.

II. Analysis

The record before me establishes that TRC owns the Restaurants' *MDL 1720* damages claims. Under the 2019 APA, the Restaurants and Mac Acquisition agreed as follows:

> Sellers agrees to sell, assign, transfer, convey and deliver to Buyer, upon the terms herein and subject and pursuant to the covenants, conditions, representations and warranties contained in this Agreement, good and marketable title to, and all of Sellers' right, title and interest in, to and under, all of the assets, property and interests, tangible and/or intangible, used by Sellers, directly or indirectly, in connection with the ownership or operation of the Restaurants … and all other assets or interests more specifically described on Schedule 1 hereto (the "Acquired Assets") … BUT EXCLUDING contracts that are not assigned and assumed by Buyer, organizational documents, seals, minute books, tax returns, books of account or other records relating to the organization and existence of either Seller as a limited liability company, accounts receivable, and, except as specifically provided above, all depository accounts wherever located (and funds therein)(collectively, the "Excluded Assets").

2019 APA § 1.1. The Restaurants' *MDL 1720* damages claims fall within the definition of the Acquired Assets and are not among the Excluded Assets. In addition, Schedule 1 of the APA defined the Acquired Assets to include all of the Restaurants' "rights of recovery … related to the Restaurants as of the Closing Date." *Id.*, Sched. 1, ¶ 3. Similarly, under the 2019 Assignment, the Restaurants assigned to Mac Acquisitions "good and marketable title to, and all right, title

and interest, legal and equitable, in and to, the Acquired Assets." 2019 Assignment § 1. As a result, as of December 11, 2019, Mac Acquisitions owned the Restaurants' *MDL 1720* claims.

Mac Acquisitions was a subsidiary of IRG, which sold the Restaurants' *MDL 1720* claims to Jefferies in 2022. *See* October 2022 Assignment at 1 (Recitals), § 1, & Sched. A. Jefferies then sold those claims to TRC two months later. *See* December 2022 Assignment at 1 (Recitals), § 1, & Sched. A. The record reflects no further disposition of the Restaurants' claims. Accordingly, it appears that TRC is the current owner of those claims. TRC therefore has the right to register the Restaurants' TINs and Desert Island does not.

Any right Desert Island may have to a portion of the recovery on the Restaurants' claims would lie against Mac Acquisitions or its successors in interest rather than as a direct claim for a portion of the settlement fund. Desert Island has not mentioned the possibility of any such action, and I do not address its merits here. Even if Desert Island did seek to assert a claim against some other party for a portion of the recovery on the Restaurants' claims, I would recommend against adjudicating any such claim within the *MDL 1720* litigation. As this Court has already held, such ancillary claims "do not fall under this Court's retained settlement jurisdiction" but must instead be litigated "in independent lawsuits, outside of MDL 1720." *In re MDL 1720 Damages Class Settlement Disps*., 2026 WL 2389790, at *1 (E.D.N.Y. Aug. 17, 2026).

## III. Recommendation

For the reasons set forth above, I respectfully recommend that the Court direct the Class Administrator to process TRC's registration of the TINs at issue here and withdraw Desert Island's.

IV. Objections

This Report and Recommendation will be served on Desert Island and TRC via the Court's ECF system, and the Class Administrator will also promptly provide a copy to both. Any interested party shall have 21 days from today's date to file objections to the Special Master's report and recommendation with the Court. Such objections should be filed only on the dispute-specific miscellaneous docket (1:26-MC-03644-BMC-JAM). Any responses to objections may be filed within 21 days thereafter. No replies regarding objections shall be filed without the Court's permission. If any party objects to this Report and Recommendation, the evidence considered by the Special Master in making or recommending any findings of fact shall be filed on the dispute-specific miscellaneous docket. Such evidence may be filed under seal to protect confidentiality and the identities of claimants, as appropriate. The Court shall review the Special Master's reports and recommendations *de novo*. *See* Revised Order Appointing Special Master, 1:24-MC-03415-BMC-JAM, Doc. 3, ¶ 4.

Dated: September 10, 2026

*/s/ James Orenstein*
Special Master